# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD L. MORTENSEN,

    Petitioner,                          2:10-cv-02263-KJD-GWF

vs.

                                             ORDER

DWIGHT D. NEVENS, *et al.*

    Respondents.

        Petitioner has filed a habeas petition without either paying the filing fee or filing an application to proceed *in forma pauperis*. It does not appear from the papers filed that a promptly-filed petition in a new action would be untimely.[1] The present improperly-commenced action therefore will be dismissed without prejudice to the filing of a new action.

        The pending motion for leave to file a longer than normal petition will be denied without prejudice. The Court notes that petitioner refers in the motion to a motion for appointment of

---

[1] Petitioner filed three motions for new trial following his conviction. While proceedings on his direct appeal and two of the motions were concluded by a Nevada Supreme Court denial of rehearing on December 27, 1999, proceedings on the third motion for new trial remained pending through a Nevada Supreme Court order of affirmance on October 5, 2001. See #1-3, at electronic docketing pages 3-4 & n.2. The pendency of the third motion for new trial following the order of affirmance on the direct appeal would statutorily toll the federal limitation period. *See, e.g., Wetton v. Clarke*, 2007 WL 4292065 (9th Cir., Dec. 6, 2007). Meanwhile, while proceedings on the third motion remained pending, petitioner filed a state post-conviction petition on or about December 13, 2000. Proceedings on the petition were pending through a November 17, 2010, denial of rehearing, such that the remittitur would have issued on or about Monday, December 13, 2010. See #1-3, at electronic docketing pages 1-2. The federal limitation period thus would appear to have been statutorily tolled continuously following the affirmance on direct appeal up through on or about December 13, 2010, such that the federal limitation period only recently has begun to run.

counsel. No motion for counsel was filed with the papers submitted. If petitioner -- who is serving two consecutive sentences of life without the possibility of parole for first degree murder with the use of a deadly weapon -- wishes to seek appointment of counsel in the new action that he files, he must file a separate motion for appointment of counsel in that new action. He further must demonstrate financial eligibility for appointment of counsel through an application to proceed *in forma pauperis*, with both an executed financial certificate and a statement of his inmate trust account for the past six months.

IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the filing of a new petition in a new action accompanied by either the required $5.00 filing fee or a properly completed application to proceed *in forma pauperis.*

IT FURTHER IS ORDERED that petitioner's motion (#2) for leave to file a longer than normal petition is DENIED without prejudice to seeking such relief in a new action.

The Clerk of Court shall send petitioner two copies each of an *in forma pauperis* application form for a prisoner and a blank noncapital Section 2254 petition form, one copy of the instructions for each form, and two copies of the papers that he submitted in this action. Petitioner may use a photocopy of portions of the present petition in filing a new petition in a new action, but he must: (a) use a new first page and signature page; and (b) black out the header at the top of the remaining pages (including attachments) containing the docket number for this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: January 3, 2011

_____
KENT J. DAWSON
United States District Judge