# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD L. MORTENSEN,

    Petitioner,

vs.

DWIGHT D. NEVENS, *et al.*

    Respondents.

2:10-cv-02263-KJD-GWF

ORDER

    This closed habeas matter comes before the Court on petitioner's third motion (#8) for appointment of counsel filed after entry of final judgment and a letter to the Clerk of Court about the payment of the filing fee that the Clerk instead has docketed as a motion (#9) to reopen the case. A final judgment and order of dismissal was entered on January 3, 2011, dismissing this action without prejudice to the filing of a new petition in a new action accompanied by either the required $5.00 filing fee or a properly completed pauper application.

    The Clerk will be directed to correct the docket entry for #9.

    A letter is not a motion. Under Rule 7(b) of the Federal Rules of Civil Procedure, a request for a court order must be made by a motion that is in writing, that states with particularity the grounds for seeking the order, that states the relief sought, and that is presented with a caption in the same form as a pleading.

    The filing in #9, in contrast, simply is a letter addressed to the Clerk of Court. The letter does not have a caption, and it does not otherwise bear the form of a pleading. The letter makes no request for relief, whether to reopen the case or otherwise. The letter instead

states that petitioner attempted previously to pay the $5.00 filing fee through the Nevada Department of Corrections (NDOC) and that he anticipates that the fee will arrive "very soon." Petitioner quite clearly knows how to file a motion, as he submitted a motion for appointment of counsel at the same time as the letter.  A letter, again, is not a motion, and a letter should not be docketed as a motion, in particular as a motion with a request for relief that was not made by the petitioner.

The Court reviews letters filed and construes them liberally to determine whether action is required.  Typically, no action is taken on letters where a litigant has not filed a motion.  But a letter should be docketed as what it is -- as a letter, not as a motion.

Petitioner in any event would not have established a basis for reopening this matter at this juncture even if he actually had filed a motion to reopen the matter.  This action was dismissed without prejudice to the filing of a new petition in a new action accompanied by either the filing fee or a properly-completed pauper application.  The Court noted in the dismissal order that it appeared that the federal one-year limitation period only recently had begun running in December, 2010.  In the unsworn letter, petitioner posits that he attempted to pay the $5.00 filing fee "no less than 4 times since November" but NDOC did not properly process his request.  The only copy of a payment request actually tendered with the accompanying counsel motion is dated January 5, 2011, after the action was dismissed. Even if, *arguendo*, petitioner had made prior requests to NDOC, petitioner was not up against an impending filing deadline when he filed the federal petition without either a filing fee or pauper application and without any explanation as to their absence.  It is petitioner's responsibility to properly commence an action, which he did not do here.  The matter accordingly was properly dismissed without prejudice to the filing of a new properly-commenced action in a situation where a promptly-filed new action would not appear to be time-barred following upon the dismissal herein.

This now third motion for appointment of counsel follows upon a clear statement from this Court that: "If petitioner wishes to seek the appointment of counsel, he must seek such relief in a motion filed in a new and properly commenced action." #7.  Nothing in the papers

presented suggests that the interests of justice require the appointment of counsel in this closed action prior to petitioner filing a new action and seeking appointment of counsel in that new action. Petitioner refers to alleged difficulties obtaining access to legal research, legal supplies, and inmate law clerk assistance at the prison. The paperwork attached with the counsel motion dates from in and prior to September 2009, well over a year prior to the filing of the federal petition. Moreover, petitioner submitted a 193-page, 15-ground handwritten petition despite such limitations on legal research and supplies and without the assistance of counsel. The financial certificates attached with petitioner's motion further reflect that he had over $300.00 in his inmate account as recently as December 2010 and carries an average monthly balance of approximately $250.00, such that he is not without adequate resources to file a new action.[1] Clearly, no imminent action need be taken prior to petitioner properly filing a new petition in a new action that is properly commenced. This conclusion holds true even if petitioner *arguendo* will be transferred at some point to an out-of-state facility pursuant to an interstate compact. In all such circumstances, any question as to whether counsel should be appointed can be addressed in a new action.

This is now the second time after entry of final judgment that the Court has been called upon to tell the petitioner that this action is closed.

To be abundantly clear, the Court will make the same points again.

This action has been and remains closed.

If petitioner wishes to pursue federal habeas relief, he must file a new petition in a new action under a new docket number accompanied by either the filing fee or a properly-completed pauper application.

No relief will be granted in this closed action. If petitioner subsequently pays the filing fee in this already-closed action, this action still will remain closed. The prior judgment of dismissal is final as to this action, albeit without prejudice to a new action.

---

[1] The order of dismissal expressly provided that petitioner could use a photocopy of the petition with a new first page and signature page when refiling in a new action.

1  If petitioner wishes appointment of counsel, he must seek same in a new action under
2  a new docket number.
3  If petitioner continues to file papers in this closed action, the Court will direct the Clerk
4  to accept no more filings herein.
5  In short, this action is closed.
6  IT THEREFORE IS ORDERED that the Clerk of Court shall correct the docket entry
7  for #9 to docket the letter as a letter.  Any *arguendo* request to reopen the matter is denied.
8  IT FURTHER IS ORDERED that petitioner's third motion (#8) for appointment of
9  counsel is DENIED without prejudice to petitioner seeking such relief in a new and properly-
10  commenced action.
11  DATED:  February 25, 2011

_____
KENT J. DAWSON
United States District Judge